926

judicial apparatus. And the Seaboard is not an isolated case. In other railroad cases post-prediction earnings over a substantial period are far above the estimates on which extinction was decreed against junior securities. Indeed, the records of these railroad reorganizations at the hands of the Interstate Commerce Commission and special masters and courts have inevitably aroused deep scepticism as to expertise in this field, or, at least, as to reliance in decreeing drastic forfeitures on the basis of it. It is not to be wondered that both the Executive and the Congress have recorded dissatisfaction with the heavy incidence of forfeiture decreed by courts, not by virtue of specific authorization but as a matter of judicial administration.

No. 214. UNITED STATES v. COPLON. United States Court of Appeals for the District of Columbia Circuit. Certiorari denied. MR. JUSTICE CLARK took no part in the consideration or decision of this application. *Solicitor General Perlman* for the United States. *Leonard B. Boudin* for respondent.

No. 272. COPLON v. UNITED STATES. United States Court of Appeals for the District of Columbia Circuit. Certiorari denied. MR. JUSTICE CLARK took no part in the consideration or decision of this application. *Leonard B. Boudin* for petitioner. *Solicitor General Perlman, Assistant Attorney General McInerney* and *Robert S. Erdahl* filed a memorandum for the United States.

No. 392. DIPSON THEATRES, INC. v. BUFFALO THEATRES, INC. ET AL. C. A. 2d Cir. Certiorari denied. MR. JUSTICE JACKSON took no part in the consideration or decision of this application. *Robert L. Wright* for