Clarence C. JOHNSON, Appellant

v.

UNITED STATES of America, Appellee.

No. 16073.

United States Court of Appeals District of Columbia Circuit.

Argued March 27, 1961.

Decided May 11, 1961.

Mr. A. Harry Becker, Washington, D. C., (appointed by this court) for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

Bazelon, Circuit Judge, dissented.

Mr. Frank U. Fletcher, Washington, D. C. (appointed by this court) for appellant.

Mr. Arnold T. Aikens, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

PER CURIAM.

Appellant was found guilty of housebreaking and larceny. A pretrial motion to suppress the stolen goods as evidence was denied and was not renewed during trial. Appellant did not object to the admission of the stolen goods as evidence.

 The grounds now asserted for reversal are that in another and later trial Walker, the complaining witness, testified "No, sir, I never made a complaint about him [Johnson] breaking into my place," that when he signed the complaint he signed it in blank,[1] and that a detective "must have typed it out" after the signing. However it is admitted that all of the factual recitals describing the goods stolen, appellant's visit to Walker's house the night before the housebreaking and the finding of appellant's distinctively marked wearing apparel in Walker's house after the theft are correct. Prima facie this information could have come only from Walker. Appellant's only contention is that Walker has now stated in another case and at a later date that he never told police that he suspected appellant of the rob-

bery and that he never designated him as a person for whom he wanted a warrant.

After the warrant for arrest was issued, police went to appellant's residence and upon entering found the goods which Walker had described to them as the stolen articles. Later they returned with a search warrant and seized the stolen goods which were admitted in evidence without objection.

 Appellant contends only that the complaining witness did not suspect that he [Johnson] committed the offense and did not intend to authorize an application for warrants against appellant. Insofar as the record shows, the denial of the motion to suppress by the District Court was correct, and the admission of this evidence without objection presents no ground for reversal. Wade v. United States, 1958, 104 U.S.App.D.C. 135, 259 F.2d 950.

 Whether appellant can now make a showing to support a motion for a new trial on these grounds we need not decide. Our action in affirming his conviction, of course, is without prejudice to such a motion.[2] The judgment of the District Court is

Affirmed.

BAZELON, Circuit Judge (dissenting).

I think sound principles of judicial administration dictate that we should withhold decision in this appeal in order to afford appellant the opportunity to file a motion for new trial in the District Court under Rule 33, Fed.R.Crim.P. 18 U.S.C.A. Coplon v. United States, 1951, 89 U.S.App.D.C. 103, 191 F.2d 749, certiorari denied 1952, 342 U.S. 926, 72

1. The signing of a complaint in blank with pertinent information to be written in later by police with the facts recited orally to police by the complainant is at the very least a practice so dubious that if it is ever done it ought to be terminated forthwith.

2. If appellant moves for a new trial on these grounds, the District Court would then be required to determine, first,

whether the proffered evidence is "newly discovered" under Rule 33, Fed.R.Crim. P. If it so qualifies, the court would then hold a hearing to decide whether the arrest warrant application was in fact and law the application of Walker. If it was not Walker's act, the validity of the arrest and search warrants would then have to be resolved by the District Court.

S.Ct. 363, 96 L.Ed. 690. See also my opinion in Smith v. United States, 1960, 109 U.S.App.D.C. 28, 283 F.2d 607, 610–611, certiorari denied 1961, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 369.