**Clarence C. JOHNSON, Appellant**

v.

**UNITED STATES of America,**
Appellee.

No. 16063.

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1961.

Decided June 22, 1961.

Petition for Rehearing Denied
Aug. 15, 1961.

Mr. Harold F. Golding, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Arnold T. Aikens, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., at the time of argument, were on the brief, for appellee. Mr. Donald S. Smith, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was convicted of "forging and uttering" under 22 D.C.Code § 1401 (1951). At his own request he was tried without a jury. A motion to suppress the victim's stolen credit card was denied and the appellant contends this was error because the search warrant which authorized search of his dwelling did not describe the credit card but only other

stolen articles which were recovered in the search.[1]

A police officer engaged in searching appellant's bedroom under a warrant which described numerous articles of stolen personal property [2] opened a dresser drawer in the process of search. In the drawer he saw a credit card issued in the name of the complaining witness whose other stolen personal property had just been found in appellant's possession. With the credit card was a statement from Lansburgh's Department Store also in the complaining witness' name. Neither the credit card nor the statement was specified in the warrant.

██ Appellant contends that it was reversible error for the District Court to refuse to suppress the card and statement as evidence. He argues that the police could not seize the credit card and statement without securing a new warrant as provided by Rule 41(c) Fed.R.Crim.P., 18 U.S.C.A. With the credit card were documents of purchase of merchandise in the name of the same person. Appellant's brief states that the searching officer "discovered what ostensibly appeared to be forged documents * * *." An officer engaged in a lawful search is not confined to seizing only those items described in the warrant, especially where the unlisted items seized are instrumentalities of a crime. "The Fourth Amendment provides that the warrant must particularly describe the 'things to be seized.' But it is well established that given a lawful search some things may be seized in connection therewith which are not described in the warrant * *." Palmer v. United States, 1953, 92 U.S. App.D.C. 103, 104, 203 F.2d 66, 67. See also Bryant v. United States, 5 Cir., 1958, 252 F.2d 746. "This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest, and on the other hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed * * *." Harris v. United States, 1947, 331 U.S. 145, 154, 67 S.Ct. 1098, 1103, 91 L.Ed. 1399.

Affirmed.

---

1. Appellant has been tried and convicted for housebreaking and larceny of the personal property described in the warrant. Johnson v. United States, 110 U.S.App. 193, 290 F.2d 384. After the complaining witness had reported theft of the listed articles he learned that someone had forged his name to purchase agreements and he promptly reported this to the police.

In No. 16073 appellant challenged the validity of the instant search warrant under which certain goods later admitted into evidence were seized. He contended that the warrant was obtained upon information derived in executing an arrest warrant which was based upon a fatally defective complaint. No such contention was advanced in the instant case.

2. The warrant included a maroon colored Atlas vacuum cleaner, a black and white Sylvania clock radio, wood cabinet radio, 2 hats, 15 shirts, blue suit, etc.