Van Voorhis, J.
(dissenting). There was no probable cause to make an arrest prior to the discovery of this package of heroin when the officer put his hand into the suspect’s pocket allegedly frisking him for a dangerous weapon, nor do the People contend on this appeal that there was probable cause to make an arrest. The testimony of the officer on the pretrial hearing of the motion to suppress suggests that he was looking for violation of the narcotics law, inasmuch as he testified that he saw appellant talking with known drug addicts, and stated *605 to him “You know what I am looking for.” This may be enough to bring the appellant within subdivision 1 of section 180-a of the Code of Criminal Procedure which provides that “A police officer may stop any person abroad in a public place whom he reasonably suspects- is committing, has committed or is about to commit a. felony”. On the basis of the heroin which the officer removed from his pocket, he was at first charged with violation of section 1751 of the Penal Law which is a felony, but this, was reduced to the misdemeanor charge of violating section 3305 of the Public Health Law. Giving a liberal construction to the power of a police officer to stop and frisk, under said section added by chapter 86 of the Laws of 1964, it may be assumed that the police officer reasonably suspected that this man was committing or was about to commit a felony within the meaning of this statute, so that he was entitled to stop and frisk him. Until the discovery of the heroin in his pocket, the officer had, however, no probable cause on which to arrest him.
Denial of the motion to suppress the heroin which the officer took from his pocket depends, in order to be sustained, upon the theory that the officer had the right to frisk him under the first sentence of subdivision 2 of section 180-a, and that having found him in possession of the heroin instead of a knife or revolver the narcotic was properly seized and constituted a predicate for his ensuing arrest. This would be authorized by the last sentence of subdivision 2 of section 180-a, if it is constitutional, which reads: ‘ ‘ If the police officer finds such a weapon or any other thing the possession of which may constitute a crime, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person(Italics supplied.)
That sentence goes beyond anything decided in People v. Rivera (14 N Y 2d 441) or People v. Pugach (15 N Y 2d 65). The power to frisk is practically unlimited, inasmuch as whether an officer “reasonably suspects” that someone is committing, has committed or is about to commit a felony necessarily depends to a large extent upon the subjective operations of the mind of the officer. “ The police may not arrest on mere suspicion” (Mallory v. United States, 354 U. S. 449, 454), although they may frisk on suspicion. The very abuses to which this important power is subject furnish a strong rea *606 son for confining its exercise to the single purpose for which the frisk is countenanced — the discovery of dangerous weapons concealed upon the person of the suspect to protect the safety of the officer. To realize the awareness of the United States Supreme Court to the danger of dragnet procedures and general search after the manner of writs of assistance in colonial times one need only read the opinions in Boyd v. United States (116 U. S. 616) or Marron v. United States (275 U. S. 192). Those who have opposed the constitutionality or fundamental fairness of stop and frisk have done so on the basis that it will result in general search and seizure upon the person of the suspect. Judge Fuld’s dissent in People v. Rivera (supra, p. 448) will have been proved to be correct if the right to “ stop and frisk” can be utilized as a ground for making a general search of the person. His dissent in Rivera begins with this statement: “ I very much fear that, if this decision stands, a method will have been devised by which the Fourth Amendment’s prohibition against unreasonable searches may be evaded and the exclusionary rule of Mapp v. Ohio (367 U. S. 643), to a large extent, written off the books.”
If a frislc reveals a weapon, which is the only purpose for which frisking is authorised, then it should be confiscated and be evidence against the accused on a charge of unlawfully possessing or concealing a weapon or in any other criminal context in which the possession of a weapon is a factor. If we go beyond that, then frisking a suspect, which can be done in practice (though not in theory) at the officer’s whim, will become a pretext for the general search of the person, without probable cause, which the Fourteenth Amendment was designed to prevent. The power to frisk is an exception to the probable cause rule in search and seizure, and is not a search at all except for the discovery of a dangerous weapon concealed upon the person. There it should end, for all purposes. The protection thereby afforded to a policeman, and to bystanders if a shooting duel ensues, is so manifestly called for as a matter of common sense that the benefits to be derived should not be foregone by bending this wholesome device to a different and unintended purpose and by so doing subtly to subvert an important part of the Fourth Amendment.
*607 In Stanford v. Texas (379 U. S. 476, 485) the Supreme Court said: “ ‘ The requirement that warrants shall particularly describe the things to he seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.’ Marron v. United States, 275 U. S. 192, at 196.”
This language referring to describing particularly the things to be seized under a warrant, which is taken directly from the Fourth Amendment, lends strength by analogy to a rule that the products of a frisk should be limited to the purpose-of the frisk which is to discover and seize dangerous weapons from the person of a suspect, and no more.
If the heroin seized from appellant can be used against him in this manner, what may happen in other instances can readily be perceived from People v. Pugach (15 N Y 2d 65, supra). There the defendant sat between two police officers in the rear seat of an automobile with a brief case upon-his lap. They frisked him without discovering a weapon and'then opened the brief case which contained a revolver. We held' that the brief case was an extension of his person so that it was included within the frisk rule of Rivera. It is apparent that, if the police can go where they will opening brief cases and inspecting them for whatever they may contain, which, if contraband, may then be used against the possessor although the safety of the officer or public from violence is not remotely involved, we shall have progressed a considerable distance toward the police state.
Within limits it is true that a search may be made of the person as incident to an arrest without a warrant based on probable cause (Harris v. United States, 331 U. S. 145), and where a warrant has been issued the officers conducting the search are not' limited precisely to the articles of property enumerated therein, particularly if they are instrumentalities of crime (Johnson v. United States, 293 F. 2d 539, cert. den. 375 U. S. 888), although these rules are subject to limitation (Preston v. United States, 376 U. S. 364). But here there was neither search warrant nor arrest, nor probable cause for either. The frisk, whether authorized by statute or judicial decision, is an exception to the search and seizure rules which are all based on probable cause. In the interest of public *608 policy, as it has existed since Mapp v. Ohio (367 U. S. 643), it seems to me that this exception should be strictly circumscribed, that it is subject to limitations inherent in its own creation and that, unless the structure of protection against general search of the person is to be broken down, these limitations must be adhered to regardless of whether they conform precisely to legal logic. The frisk has its obvious justification as an exception to the probable cause rule and, it seems to me, also its obvious restrictions.. It should not be allowed to become a dragnet or be used for purposes for which it is not intended.
Here, without probable cause, the frisk discovered the heroin, then the heroin served as a basis for arrest which, in turn, was claimed to justify the search which disclosed it. This violates the rule that a search cannot be supported by what it discloses. Neither can it be said, with any sense of reality, that since the officer could frisk almost at will, anything which he discovers can be utilized, however remote it may be from dangerous weapons, with the same effect as though the search had been incidental to a valid arrest or upon a warrant based on probable cause.
The judgment appealed from should be reversed and appellant’s motion to suppress granted under section 813-c of the Code of Criminal Procedure.
Judgment affirmed.