**Lonnie Nelson SEYMOUR, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8787.**

United States Court of Appeals Tenth Circuit.

Dec. 5, 1966.

Rehearing Denied Dec. 27, 1966.

Harold L. Davison, Aurora, Colo., for appellant.

Richard T. Spriggs, Denver, Colo. (Lawrence M. Henry, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, HICKEY, Circuit Judge, and BRATTON, District Judge.

MURRAH, Chief Judge.

This is an appeal from a judgment on a conviction for the illegal possession of government property in violation of 18 U.S.C. § 641.

The primary question is whether the trial court erroneously refused to suppress the seized evidence of the crime. The facts are that police officers of the city of Colorado Springs, Colorado, obtained a search warrant to search the appellant's residence in Colorado Springs for "marihuana and other narcotics." In the course of the search the officers found in the basement of the house 105 postal money orders, 10 money order limitation stamps and a dating stamp for the post office at Prichard, Colorado. Seventeen of the money orders had been filled out, some for $100 and some for $70. The trial court specifically found from the evidence that at that time the searching officers knew the post office at Prichard had been robbed. The officers seized the money orders, limitation stamps and post office dating stamp and appellant was subsequently charged by indictment with concealing and retaining possession of these articles with intent to convert them to his own use and gain knowing they had been stolen from the United States.

We know, of course, that the precise language of the Fourth Amendment requiring the search warrant to particularly describe "things to be seized" forbids "the seizure of one thing under a warrant describing another"— "nothing is to be left to the discretion

of the officers executing the warrant." Marron v. United States, 275 U.S. 192 [48 S.Ct. 74, 72 L.Ed. 231]; Stanford v. State of Texas, 379 U.S. 476 [85 S.Ct. 506, 13 L.Ed.2d 431]; Harris v. United States, 10 Cir., 151 F.2d 837, 169 A.L.R. 1413, affmd. 331 U.S. 145 [67 S.Ct. 1098, 91 L.Ed. 1399]. The constitutional mandate is implemented in Rule 41(e), F.R. Crim.P. But, notwithstanding the specificity of the constitutional prohibition, the courts have apparently recognized a narrow exception dictated by the practicalities of a particular situation as where in the course of a lawful search pursuant to a lawful arrest or the execution of a valid search warrant the officer uncovers evidence of another crime. In these circumstances the officer is not required to close his eyes to the realities of the situation. He may seize the fruits or the instruments of the crime or even that which is presumptively contraband. Harris v. United States, supra; Porter v. United States, 9 Cir., 335 F.2d 602; United States v. Eisner, 6 Cir., 297 F.2d 595; Matthews v. Correa, 2 Cir., 135 F.2d 534. While mere possession of the seized articles was not in and of itself criminal, under these circumstances possession was certainly sufficient to generate probable cause for believing that the articles were contraband, hence subject to seizure.

It is significant, we think, that the searching officers knew that the Prichard post office had been robbed. The seized articles were readily identifiable with the post office as government property. They were presumptive fruits of the crime and their presence in the basement of appellant's home was cogent evidence of his identification with the offense. While there is always danger of stealthy encroachments on the prohibition against unreasonable searches, we think this case falls well within the rationale of Harris v. United States, supra.

The judgment is affirmed.

HICKEY, Circuit Judge (dissenting):

The majority opinion recognizes "that the precise language of the Fourth Amendment requiring the search warrant to particularly describe 'things to be seized' forbids 'the seizure of one thing under a warrant describing another'—'nothing is to be left to the discretion of the officers executing the warrant.' Marron v. United States, 275 U.S. 192 [48 S.Ct. 74, 72 L.Ed. 231]; Stanford v. [State of] Texas, 379 U.S. 476 [85 S.Ct. 506, 13 L.Ed.2d 431]; Harris v. United States [10 Cir.], 151 F.2d 837 [169 A.L.R. 1413], affm'd 331 U.S. 145 [67 S.Ct. 1098, 91 L.Ed. 1399]." The Constitutional mandate implemented by Rule 41(e), F.R.Crim.P., is acknowledged.

A "narrow exception" is pressed into service to uphold the seizure in this case. The exception described in Harris v. United States, supra, is expanded by permitting the seizure when the property was not described in the warrant directing the search, nor identified with the defendant as incident to a crime for which he was under arrest, nor the subject named in a warrant of arrest at the time the seizure was made.

The opinion uses the language, "[h]e [the officer] may seize the fruits or the instruments of the crime or even that which is presumptively contraband." The authority for this conclusion is Harris v. United States, supra. An examination of Harris and the cases cited under the specific provision, "the fruits of crime such as stolen property", reveals that this language relates particularly to the fruits of the crime such as stolen property that are incident to the lawful arrest, lawful warrant for arrest, or lawful search warrant. The Harris case did not justify the seizure upon a valid search warrant, but justified it upon the commission of a crime in the presence of the law enforcement officers. "A crime was thus being committed in the very presence of the agents conducting the search. Nothing in the decisions of this Court give support to the suggestion that under such circumstances, the law-enforcement officials must impotently stand aside and refrain from seizing such contraband material." Harris v.

828

United States, 331 U.S. 145, 155, 67 S.Ct. 1098, 1103.

The fact that the seized property in this instance was not incident to a crime being committed in the very presence of the agents conducting the search is emphasized. The majority admits, "mere possession of the seized articles was not in and of itself criminal". Therefore, its presence in the basement of the home could not be a continuing crime in the presence of the officer.

The court continues, "under these circumstances possession was certainly sufficient to generate probable cause for believing that the articles were contraband, hence subject to seizure." This fails to recognize the seizure of the articles incident to a lawful arrest, lawful warrant for arrest, or a lawful search warrant issued upon probable cause describing the articles seized.

It is significant to note that Rule 41(c) reiterates the general rule with regard to the issuance and contents of a search warrant. "If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property * * *." Further, that the affidavit or application "shall state the grounds or probable cause for its issuance * * *."

In the face of the proscription by the Supreme Court of the United States, "nothing is to be left to the discretion of the officer executing the warrant", the officer exercised his discretion as to the existence of probable cause. Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 76; Stanford v. State of Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431; Harris v. United States, 10 Cir., 151 F.2d 837, 169 A.L.R. 1413, affm'd 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399.

If the "unexplained possession" rule is relied upon to justify the use of the words, "under these circumstances", an examination of the "unexplained possession" rule is in order.

Mr. Justice Black dissenting in Bollenback v. United States, 326 U.S. 607, 617, 66 S.Ct. 402, 407, 90 L.Ed. 350, says, "The 'unexplained possession' rule is in substance a circumstantial evidence rule" and if this is relied upon as the basis for the circumstances under which possession was sufficient to generate probable cause, it is well to keep in mind that there are limitations to the unexplained possession rule. They are: "(a) the possession must be *unexplained* by any innocent origin. (b) the possession must be fairly *recent;* and (c) the possession must be exclusive." IX Wigmore, Evidence, § 2513 at 422 (3rd ed. 1940). The facts indicate (1) uncontroverted evidence that the possession was of innocent origin; and (2) that the date of the Post Office robbery when the articles were acquired was September 28, 1964. The date of the seizure was July 14, 1965. Nine months elapsed from the date of the robbery to the date of the seizure. This can hardly be called recent possession. The recent possession rule as accepted in the 10th Circuit is well stated in Garrison v. United States, 353 F.2d 94, 95 and sets forth: "It is well settled that from the proof of the possession of a *recently* stolen motor vehicle, unless such possession is *satisfactorily* explained, the jury may properly infer that the possessor knew the car was stolen when he transported it in interstate commerce. [citations omitted]."

The majority opinion would expand the discretion vested in the magistrate who issues the warrant as prescribed under Rule 41(c); (1) to include additional discretion in the officer executing the warrant by permitting him to make a determination of the existence of probable cause; (2) to use the "unexplained possession rule", a court applied tool for the admission of circumstantial evidence, to assist him in making the determination. The court here permits property, the possession of which is not recent, unexplained, or illegal per se, to be seized neither incident to a lawful arrest, lawful warrant for arrest nor a lawful search warrant.

I would reverse and remand.