**UNITED STATES of America ex rel. James NICKENS, Petitioner-Appellee,**

v.

**J. Edwin LaVALLEE, as Warden of Auburn State Prison, Auburn, New York, Respondent-Appellant.**

**No. 312, Docket 31868.**

United States Court of Appeals Second Circuit.

Argued Jan. 23, 1968.

Decided March 5, 1968.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, on the brief), for appellee.

John G. Proudfit, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., State of New York, on the brief), for appellant.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On December 4, 1962, Nickens, the appellee, was sentenced to three to six years, following his conviction in the former Court of General Sessions, New York County, State of New York, on a charge of burglary in the third degree. He was also convicted on a charge of possessing burglar's tools for which he was given a suspended sentence. State remedies, via direct appeal and later through State habeas corpus proceedings, were exhausted. The United States District Court for the Northern District of New York denied his application for Federal habeas corpus and this ruling was appealed. We then remanded the case for a hearing on the legality of the searches and seizures. The case was transferred to the Southern District of New York and on August 30, 1967, Judge Murphy held a hearing on that issue, which he decided in favor of the petitioner-appellee who was ordered discharged from parole unless the State promptly granted him a new trial. The respondent, the Warden of Auburn prison, has appealed. We affirm.

The facts are set out in careful detail in Judge Murphy's opinion, 279 F.Supp. 248. The questions before us are whether or not a search and seizure of certain key-making equipment, made at the appellee's office, was reasonable, and whether or not a seizure of certain newspaper clippings taken from the appellee's living quarters was lawful.

Nickens, the appellee, was the superintendent of a store and office building on Church Street in Manhattan. In the course of investigating a suspected burglary the police found Nickens in the building in what was described as his office. While talking to him they observed certain equipment used in making keys. Subsequent events supplied the police with reasonable cause to believe that Nickens had committed an offense and Detective McDonnell arrested him in the elevator of the building at about 2:30 to 3:00 a. m., on March 11, 1962. A few minutes later Nickens was taken to the station house and booked. An hour or more thereafter Detective McDonnell returned to appellee's office to search it. He saw for the first time a tin can filled with keys, which were tagged with different addresses, a piece of clay and notebooks found in the desk drawers. These items were all introduced into evidence by the prosecution.

On the next day, March 12, 1962, the police obtained a warrant to search appellee's dwelling apartment for " * * * key-making machines, blank keys, lock picks and various machines and paraphernalia used by a licensed locksmith

which property is in violation of § 408 of the Penal Law." Pursuant to the warrant they searched his apartment, seized a large quantity of key-making equipment and also took some newspaper clippings. It is undisputed that the items of equipment came within the terms of the warrant but Nickens objected to the seizure of the newspaper clippings which contained accounts of several burglaries. The clippings were not placed in evidence as exhibits in the State trial but were used, over defense counsel's objection, in cross-examining Nickens and the contents was disclosed to the jury.

■ The search of appellee's office on March 11 and the seizure of the tin can of keys, the clay and the notebooks were clearly in violation of Nickens' Fourth Amendment rights and require no extended discussion. The facts are squarely within Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). The action taken by the police was not under the authority of a warrant nor was it incident to an arrest.[1] The Court said in *Preston,* "Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." See also Stoner v. State of California, 376 U.S. 483, 486, 84 S.Ct. 889, 891, 11 L.Ed. 2d 856 (1964) in which the Supreme Court said, "But a search can be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest."

The respondent-appellant argues that because policemen, other than McDonnell, the arresting officer, remained at the office building between the time McDonnell left with his prisoner and when he returned alone, they were in "constructive possession" of the items ultimately found and seized. This position is untenable under the holding in *Preston* because in that case the automobile, the search of

which (made "soon after" its occupants were arrested) was declared unlawful, was continuously in the custody of the police between the time of the arrest and the subsequent search.

The newspaper clippings, seized by the police on March 12th at Nickens' apartment, present a somewhat more difficult question. While at first glance they appear to be inconsequential items, they were disclosed and emphasized during cross-examination of the accused as reports of burglaries, which obviously implied that Nickens had more than a casual interest in that particular subject and it happened to be the offense with which he was charged. Under the circumstances we cannot very well declare that permitting their use was harmless beyond a reasonable doubt. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967).

The District Court upheld the taking of the clippings in reliance on Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960), and Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The appellant did not discuss this point in his brief, but Nickens has again raised the question. He relies on Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), which, though not cited by the district court, is in our opinion controlling on this issue. The facts in *Marron* are indistinguishable from these in the present case. The court below, though affirmed on all other points, was in error in not holding the seizure of the newspaper clippings to have been unlawful.

In *Marron* a warrant was issued to prohibition agents to search specifically designated business premises leased by Marron and to look for, and seize, any intoxicating liquor, or apparatus of a type used in the manufacture thereof. The agents arrested one Birdsell, who was in

---

[1]. While we have taken the position that a narrow and restricted view should not be taken of areas subject to search and materials seized where the search and seizure are plainly incidental to an arrest, United States v. Francolino, 367 F.2d 1013, 1016–1023 (2 Cir. 1966), it cannot be said that the search of the office, made at least an hour after the accused was booked, was "incidental to a lawful arrest."

charge of the place, and in searching the building, they discovered and seized, in addition to a cache of liquors, a ledger, mostly in Marron's handwriting, containing inventories of the business, and records of receipts, expenses, and other items relating to the illegal operation, together with a number of bills many of which were in Marron's name. Marron asserted that the seizure of the ledger and the bills, subsequently introduced in evidence against him at the trial, violated the Fourth Amendment because they were not described in the warrant and they were not discovered in the course of a search incident to his arrest. The Government justified the seizure either as "an incident to the execution of the search warrant" or as "an incident to the right of search arising from the arrest of Birdsall." 275 U.S. at 194–195, 48 S.Ct. at 75. The Supreme Court considered both grounds urged by the Government and, while it sustained the latter, it expressly rejected the former.

 In the present case, the newspaper clippings were not taken as an incident to an arrest nor can they be found to come within any of the items specifically described in the warrant. The appellant's only remaining argument, that the clippings could be taken as "an incident to the execution of the search warrant" [2] was explicitly rejected in Marron. The Supreme Court said, at p. 196, 48 S.Ct. at p. 76:

> "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

We do not read in either Warden, Md. Penitentiary v. Hayden, supra, or Abel v. United States, supra, relied upon by the trial court, an intention to confer upon police officers executing a search warrant the very discretion which Marron ruled they do not have. The Hayden case eliminated the "mere evidence" rule [3] from the law of search and seizure, but that case did not involve a search warrant and none of the three opinions in it so much as refers to Marron. Nor did the Abel case concern things seized pursuant to a search warrant. The piece of graphpaper mentioned by the trial court was taken from the person of Abel while he was being arrested and as incidental thereto. While the opinion in Abel does contain the statement that a policeman may take any article subject to lawful seizure which turns up in the course of a lawful search, 362 U.S. at 238, 80 S.Ct. 683, it was not said about a search conducted pursuant to a warrant. If it had been, it would have flatly contradicted the Court's decision in Marron. Moreover the language from the Marron opinion, quoted above, has been repeated with approval in Stanford v. State of Texas, 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed. 2d 431 (1965), which came after Abel, and in Berger v. State of New York, 388 U.S. 41, 58, 87 S.Ct. 1873, 18 L.Ed. 2d 1040 (1967), which came after both Abel and Hayden.

It is not necessary for us to go into any of the exceptions to the general basic constitutional rule that a search warrant must be obtained before a search may be made, because the newspaper clippings clearly come within none of them. As already stated the search was not incident to an arrest. The petitioner did not give his consent to the seizure of the clippings, see, e. g., United States v. Walker, 190

---

2. This case does not fit any of the other "exceptions to the constitutional rule that a search warrant must be had before a search may be made." Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964).

3. This rule recognized a distinction between the seizure of contraband, or the instrumentalities or fruits of a crime, which could be taken and items of evidential value only, i. e., "mere evidence," which could not. Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921). The rule applied whether the seizure was pursuant to a warrant, or incidental to an arrest, without a warrant.

F.2d 481, 483 (2 Cir.), cert denied, 342 U.S. 868, 72 S.Ct. 109, 96 L.Ed. 653 (1951); nor were there exceptional circumstances such as the "hot pursuit" which existed in Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); nor was this a moving object which might quickly leave the locality, Carroll v. United States, 267 U.S. 132, 156, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

There is no evidence that anything which was mentioned in the newspaper clippings concerned anything said or done by Nickens; and they were certainly not contraband which would show that another, different offense was being committed in the presence of the police. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); Aron v. United States, 382 F.2d 965 (8 Cir. 1967). The clippings are at best of dubious evidential value and, standing by themselves, would be a highly questionable subject for issuance of a search warrant. In view of the unlawfulness of the warrantless search of the office, they can have no determinative effect on the holding below. Under these circumstances we do not feel that this is a proper case in which to take a position relative to the decisions of some of the federal courts, which, despite the holding in Marron, have concluded that officers acting under a valid warrant may seize unspecified property, unexpectedly discovered in the course of a lawful search, which is reasonably related to the purpose of the search. E. g., Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961), cert. denied 375 U.S. 888, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963); Sanders v. United States, 238 F.2d 145 (10 Cir. 1956); Seymour v. United States, 369 F.2d 825 (10 Cir. 1966) (divided court); United States v. Russo, 250 F.Supp. 55 (E.D.Pa.1966); Kaplan, Search and Seizure; A No-Man's Land in the Criminal Law, 49 Calif.L.Rev. 474, 481 (1961).

In the present case the police had the time and opportunity to attempt to seek another warrant for the clippings, but they did not. The language used in the warrant was specific and categorical. We limit the decision to the facts before us. It is conceivable that future cases may concern warrants in which the wording is sufficiently narrow to meet the particularity requirement of the Fourth Amendment but broad enough to justify the taking of an item such as the newspaper clippings provided they are reasonably related to the purpose of the search. In this case we conclude they were unlawfully seized.

The order of the District Court granting the writ is affirmed and the order granting a stay is dismissed.

MOORE, Circuit Judge (concurring and dissenting):

Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), seem to be dispositive as to the material seized subsequent to the arrest and without a warrant. I, therefore, concur on this issue.

As to the newspaper clippings seized during the execution of the warrant and used upon the trial, during cross-examination, I dissent and agree with Judge Murphy's conclusion that the clippings were legally seized. Despite the comments in Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927) with respect to specificity, in my opinion Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) supports the seizure and use of clippings. Stanford v. State of Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965) is not to the contrary. There the decision was based upon the extreme generality of the warrant.