**UNITED STATES of America,**
**Plaintiff,**

v.

**James Karlos HIGHFILL, Defendant.**

**No. LR–71–CR–84.**

United States District Court,
E. D. Arkansas, W. D.

Dec. 8, 1971.

James G. Mixon, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

Floyd J. Lofton, Greene & Thomas, Little Rock, Ark., for defendant.

### MEMORANDUM OPINION

EISELE, District Judge.

Prior to the trial date, the defendant filed a motion to suppress certain evidence. Since the case was to be heard by the Court sitting without a jury, no separate setting for the evidentiary hearing on the motion to suppress was scheduled. Furthermore it was apparent that the facts relevant to the motion to suppress would also be central to the trial itself. The hearing on the motion was therefore consolidated with the trial on the merits.

The evidence showed that customs officials at New York had inspected a package shipped from Germany to "James Highfield" at an address in Lit-

tle Rock. Since the package contained a substance, believed to be hashish, hidden inside some Easter toys, the customs office with the cooperation of the postal service arranged for a controlled delivery to the defendant at the address shown on the package. Shortly after the delivery, a customs agent obtained a search warrant from the U. S. Magistrate specifically describing the package. The warrant is set forth in full as Appendix "A" to this opinion.

Before the warrant was executed, the defendant left the house where the delivery had been made. He was stopped a few blocks away by agents who had had the place under surveillance. At that point he was arrested and returned to the house by the officers and the warrant was executed.

The package described in the warrant was found unopened on the floor of a closet near the front door of the house at the very outset of the search. The evidence is not clear as to the precise length of time the search continued, but it is clear that it continued for a considerable period after the package had been found. Sometime during this extended search two envelopes containing cloth wrappings or patches were found under a mattress and inside the bedding thereon. These were seized.

Upon examination, the primary package was found to contain hashish, a concentrated form of marijuana, wrapped in cloth with stamped imprints thereon. One of the wrappings found in the envelopes under the mattress had the imprint of a small stamp which appeared to be identical to the insignia found on the wrappings of the hashish in the package from Germany. Laboratory tests also indicated that some of the cloth patches found in the envelopes contained traces of hashish.

The defendant was charged under 21 U.S.C. § 176a with knowingly receiving and concealing marijuana that had been imported and brought into the United States contrary to law.

The question of the validity of the seizure of the wrappings, and hence their admissibility at the trial, was not decided in open court. The attorneys for both parties were given an opportunity to research and brief the point. The Court did state, however, that the defendant would be found guilty if this evidence were admitted, but, without it, there would be insufficient evidence to convince the Court as the trier of fact, beyond a reasonable doubt, that the defendant knew the contents of the package at the time he received delivery thereof.

■ Somewhat surprisingly, neither counsel for the parties nor the Court has been able to find reported cases dealing specifically with the narrow point raised: whether officers executing a search warrant, after having found the very (and only) article listed in the warrant, may lawfully continue to search for, and seize, evidence of the same crime. It is the opinion of the Court that, under the facts and circumstances of this case, they may not, and that the evidence consisting of the cloth wrappings found in the envelopes must be suppressed.

Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), indicates that a search continuing past the scope of a valid warrant is precisely the type of general search that is proscribed by the Fourth Amendment. The Court stated:

> "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

In *Marron,* however, it was not clear whether the "extra" items were found and seized while the officers were in the course of searching for the articles named in the warrant or whether they were found after the named articles had

been seized. Also, the items questioned appear to have been relevant to the commission of a crime different from the one to which the described items related.

A significant exception to the strong language of *Marron* was introduced by Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), and several decisions since *Harris* have relied on it in sustaining various sorts of searches wherein items not named in warrants were found and seized. However, *Harris* has now been largely, if not wholly, discredited. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969).

The Second Circuit has recently reiterated its opinion that *Marron* remains persuasive authority against "general" searches and their attendant dangers, United States v. Dzialak, 441 F.2d 212 (1971). There, a warrant was issued naming a number of items of property thought to have been stolen from Railway Express shipments. In executing the warrant, officers found and seized "a great quantity" of items besides those named. The Court refused to sustain a conviction based on the possession of 21 watches, some of the items seized but not described in the warrant.

The facts of *Dzialak* differ from those of the present case in two respects: there, the watches were apparently found while the officers were still in the course of searching for the named items; and the watches may have been "the fruits of the very crime on which the warrant issued", rather than items "which might serve as incidental evidence". A dissent in *Dzialak* was based on these two points. If these differences are meaningful ones, neither would cause a different result here from *Dzialak*. In fact, both make the search here even more clearly a "general" one. While this Court might possibly, as suggested in the dissent in *Dzialak*, doubt the wisdom and propriety of an interpretation of the Fourth Amendment which would require the suppression of non-described items accidentally discovered *during* a search for properly described items, it has no doubt that items discovered in a search continued *after* the described items have been found must be suppressed. The very fact that the search continued after discovery of the item described indicates that the search had a further objective. If it is a specific object for which probable cause exists, it could, and should, be described in the warrant. Absent this, the Court can only conclude that the continued search is a general one which the Constitution prohibits.

Decisions of the Tenth Circuit and the District of Columbia Circuit could be read to indicate a contrary result. Seymour v. United States, 369 F.2d 825 (10th Cir. 1966); Johnson v. United States, 110 U.S.App.D.C. 351, 293 F.2d 539 (1961). However, both were decided before *Chimel* overruled *Harris*, with *Seymour*, at least, expressly relying on *Harris*. In both, furthermore, it apparently was the case that the non-named items were found *before* the searching officer found the items described in the warrant. Neither *Seymour* nor *Johnson*, therefore, can be regarded as controlling.

■ An order granting the motion to suppress has been entered. However, that order does not necessarily dispose of the case. In the ordinary situation, the United States is permitted to appeal from an order granting a motion to suppress evidence, pursuant to 18 U.S.C.A. § 3731. Grammatically, the statute could be read to allow appeals if the *motion* was made prior to trial, but it could also be read as requiring that the *order* granting the motion must have been entered prior to trial. Whichever be the proper reading of the statute, it would not seem reasonable to deprive the government of its right to appeal such an order where, as here, in a trial to the Court without a jury, the hearing on the motion to suppress was consolidated with the trial itself for the convenience of the Court, counsel, and witnesses. Consequently, the Court will not at this

time enter a finding of guilty or not guilty, but will reserve its decision. If the government wishes to take an appeal from the suppression order it may do so. If no notice of appeal has been filed within the prescribed period, a finding of not guilty will be entered. If the government does appeal, the decision upon the defendant's guilt or innocence will await the outcome of that appeal.

## APPENDIX "A"

"To Any Federal Agent

"Affidavit having been made before me by Richard N. Ashby, U. S. Customs that he (is positive) that (on the premises known as) 4604 West 24th Street, Little Rock, Arkansas 77204, being a single family dwelling, the second house on West 24th street West of the intersection of Adams Street and West 24th Street located on the North side of West 24th Street, being of frame construction painted white with pink trim, having a white roof, and having a white frame detached garage located in the Eastern District of Arkansas there is now being concealed certain property, namely one mail parcel measuring approximately 8″ by 12″ by 14″, addressee, James Highfield, 4604 West 24th Street, Little Rock, Arkansas 77204, addressor, SP/4 Thomas White, 212–58–1014, HHC 1/509 Inf., New York APO 09185 containing approximately 1¾ pounds of hashish which are fit and intended for use in violation of Title 21 U.S.C. Section 176(a) and as I am satisfied that there is probable cause to believe that the property so described is being concealed on the (premises) above described and that the foregoing grounds for application for issuance of the search warrant exist.

"You are hereby commanded to search forthwith the (place) named for the property specified, serving this warrant and making the search (at any time in the day or night) and if the property be found there to seize it, leaving a copy of this warrant and bring the property before me within ten days of this date, as required by law."