**Winerd Leslie JENKINS, Jr., et al., Plaintiffs,**

**v.**

**Charles F. PENROW, Jr., et al., Defendants.**

**Civ. No. H–82–1516.**

United States District Court,
D. Maryland.

July 12, 1983.

Max D. Miller and Miller, Fry & Protkowicz, Bel Air, Md., for plaintiffs.

Read K. McCaffrey and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., and Maurice W. Baldwin, Jr. and Hatem, Kelly, Baldwin & Marshall, Bel Air, Md., for defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

Presently pending in this civil case are the motion of defendant Commissioners of Aberdeen (hereinafter the "Town") for summary judgment, the motion of defendants Charles F. Penrow, Jr., Stephen Smith and Harry Gruber, members of the Aberdeen Police Department, for summary judgment, and various discovery motions. Memoranda in support of and in opposition to the motions have been filed by the parties and reviewed by the Court. With respect to the pending discovery motions, counsel for plaintiffs advised the Court at the status conference held on May 26, 1983, that the pending motions for summary judgment could be addressed before the Court ruled on the discovery motions. Pursuant to Local Rule 6, no hearing is necessary. This Court is satisfied that the memoranda, depositions, exhibits and pleadings present a full record and that a hearing would not be of assistance to the Court in reaching a decision.

For the reasons to be stated herein, the motion of the Town for summary judgment will be granted, and the motion of the police officers for summary judgment will also be granted. In light of these rulings, the discovery motions need not be reached.

Plaintiffs Winerd Jenkins, Jr., an officer with the Aberdeen Police Department, and Doris Jean Jenkins, his wife, have brought this civil action on behalf of themselves and their minor children seeking monetary damages for alleged infringements of their constitutional rights pursuant to 42 U.S.C. § 1983. They allege (1) that defendants Penrow, Smith and Gruber exceeded the scope of a properly obtained warrant in their search of plaintiff Winerd Jenkins, his vehicle, and his home, and (2) that the Town failed to remedy the turmoil and disarray existing in the Aberdeen Police Department, all in violation of the Fourth Amendment to the United States Constitution (Count I) and in violation of plaintiffs' right to privacy (Count II). They further assert against the individual defendants pendent state claims of invasion of privacy (Count III), false imprisonment (Count V), and negligence (Count VI). The state claim of false arrest (Count IV) brought against the individual defendants and also all state claims originally brought against the Town were previously dismissed pursuant to this Court's Memorandum and Order of November 12, 1982.

A motion for summary judgment should be granted "forthwith" if the pleadings, discovery and affidavits filed in a case show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c). One of the purposes of Rule 56 is to require plaintiff, in advance of trial and after a motion for summary judgment has been filed and supported, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. *See* Rule 56(e). In the absence of such a minimal showing, a defendant should not be required to undergo the considerable expense of preparing for and participating in a trial.

## I.

### Motion of the Town for Summary Judgment

The Town asserts that it is entitled to summary judgment on the ground that the actions of the police officers did not implement an official policy or custom of the Town. In their opposition to the motion, plaintiffs contend that their allegations that the Town failed to establish policies and procedures and failed to implement training and supervision are sufficiently supported by the record to defeat the pending motion.

In the landmark case of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held:

Local governing bodies ... can be sued directly under § 1983 for monetary, declaratory or injunctive relief where ... that action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover ... local governments ... may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.

*Id.* at 690–91, 98 S.Ct. at 2035–36. A municipality's continuing failure to remedy known unconstitutional conduct of its police officers is the type of informal policy or custom cognizable under *Monell*. 436 U.S. at 691, 98 S.Ct. at 2036. Moreover, in order to recover against a municipality, a plaintiff must establish not only a municipal policy or custom, but must also establish a causal link between such policy or custom and the alleged constitutional injury. *Hector v. Weglein*, 558 F.Supp. 194, at 200 (D.Md.1982).

Cases which have applied this standard of municipal liability have consistently held that a policy or custom cannot ordinarily be inferred from a single incident of misconduct. *See Hughes v. Blankenship*, 672 F.2d 403 (4th Cir.1982); *Herrera v. Valentine*, 653 F.2d 1220 (8th Cir.1981); *Turpin v. Mailet*, 619 F.2d 196 (2d Cir.), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). In *Owens v. Haas*, 601 F.2d 1242 (2d Cir.), *cert. denied* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979), it was held that a single incident of unusually egregious conduct may be sufficient to warrant an inference of deliberate indifference. Absent such an incident of unusual proportions, there must be a showing of a pattern of unconstitutional conduct. Where "senior personnel have knowledge of a pattern of constitutionally offensive acts ... but fail to take remedial steps, the municipality may be held liable for a subsequent violation if the supervisor's inaction amounts to deliberate indifference." *Turpin v. Mailet, supra*, 619 F.2d at 201. *See also* Judge Kaufman's opinion in *Hector v. Weglein, supra* (four previous charges of use of excessive force held insufficient to demonstrate a pattern of prior practices so as to suggest official acquiescence in or authorization of the actions of the police officer).

Plaintiffs contend that the requisite policy or custom of the Town is established by evidence of a "clique" among then Chief of Police Elliott, Captain Perry, and several members of the Aberdeen Police Department which served as the source of various

prior deprivations of the civil rights of those members of the department who were not members of that "clique." In his affidavit filed in opposition to the pending motion, plaintiff Winerd Jenkins avers that he related information to several Commissioners regarding threats of discharge he had received from Chief Elliott. Jenkins further avers that Chief Elliott authorized the taping of telephone conversations, misused town property, and conducted personal business during working hours.

■ Assuming that the Town was aware of these facts, this information is irrelevant to the claim asserted by plaintiffs in this case of the infringement of their constitutional rights. The facts relied upon do not provide an inference of knowledge on the part of the Town of possible future infringements of the constitutional rights of persons like plaintiffs. Although there is some indication in the record that the Aberdeen Police Department was experiencing administrative difficulties for some time prior to the events involved in this case, such evidence is clearly insufficient to raise any inference of a policy or custom adopted or promulgated by the Town which resulted in any violation of plaintiffs' civil rights.

There is no evidence here of any unusually egregious conduct which would support the necessary inference. Furthermore, as discussed more fully herein, even the conduct complained of in this suit was legally justified and did not result in a violation of plaintiffs' constitutional rights.

The record is thus devoid of any evidence of, nor do plaintiffs rely upon, prior Fourth Amendment violations which would have put the Town on notice that subsequent violations might occur. The allegedly illegal search was nothing more than an isolated incident of which Aberdeen had no knowledge. Accordingly, the motion of defendant Commissioners of Aberdeen for summary judgment will be granted.

## II.

*Motion of defendants Penrow, Smith and Gruber for Summary Judgment*

Defendants Penrow, Smith and Gruber assert in their motion for summary judgment that the search in question was a valid one and that in any event they are entitled to a good faith qualified immunity for their actions in executing the search warrant pursuant to which they acted.

Defendant Penrow applied for the warrant on November 5, 1981. The affidavit executed by him in support of the warrant stated that Robert L. Van Wagoner, who was employed by the Town to make a fact-finding investigation of the management and supervisory policies of the Aberdeen Police Department, had interviewed plaintiff Winerd Jenkins on two occasions. During the course of the second interview, which was held on August 10, 1981, plaintiff Jenkins voluntarily produced and played a cassette tape recording of an eight-minute private telephone conversation between Jenkins, Chief Elliott and Captain Perry. On October 16, 1981, defendant Penrow interviewed Chief Elliott and Captain Perry, both of whom had at that time been suspended from their positions with the Aberdeen Police Department. Both Elliott and Perry stated that they had no knowledge that their private conversations with plaintiff Jenkins were being tape recorded, nor did they give their consent to such tape recording. Furthermore, the affidavit describes instances when plaintiff Jenkins was observed in the officers' room at the Aberdeen Police Department with a cassette tape recorder and tapes. Finally, the affidavit states that in May 1981, a private citizen complained to the Police Department that plaintiff Jenkins had secretly recorded a conversation between Jenkins and the citizen during a routine traffic stop.

Finding that probable cause existed, Judge Albert P. Close of the Circuit Court for Harford County signed a warrant authorizing the search of the person, premises, vehicle, locker and briefcase of plaintiff Jenkins, and also the seizure of the cassette tape and "all evidence ... which may be evidence of violations of Section 10–402 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland."

The undisputed facts reveal that the search was conducted by defendants Penrow, Smith and Gruber on November 6, 1981. The briefcase belonging to plaintiff Jenkins was initially searched and was found to contain two cassette tapes and a tape recorder. These items were seized, and the officers then proceeded to search the vehicle, residence and locker of plaintiff Jenkins. No other items were seized.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must demonstrate some "injury consequent upon violation of his constitutionally protected rights." *White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir.1976). Moreover, a federal action for damages must be premised on the unconstitutional conduct of the police officers. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Rodriquez v. Ritchey*, 556 F.2d 1185 (5th Cir.1977), *cert. denied* 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978). It is axiomatic that a plaintiff has no personal cause of action against a police officer who, acting within the scope of his authority, seizes property under a valid warrant. *See LaBar v. Royer*, 528 F.2d 548 (5th Cir.1976); *Boyd v. Huffman*, 342 F.Supp. 787 (N.D.Ohio 1972). *E.g., Robbins v. Bryant*, 349 F.Supp. 94 (W.D.Va.1972), *aff'd mem.* 474 F.2d 1342 (4th Cir.1973).

In their brief in opposition to this motion, plaintiffs contend that the continuation of the search by defendants Penrow, Smith and Gruber after the tapes and the tape recorder were seized from the briefcase was beyond the scope of the warrant. Plaintiffs point to answers to interrogatories filed by defendant Penrow and to the deposition testimony of defendants Penrow and Gruber in support of their contention that, if defendants had known that the tape seized early in the search was the tape that they were seeking, the search would have been terminated at that time. However, the record indicates that defendants did *not* know that they had seized the taped conversations. The Administrative Report of the search, written by defendant Penrow, states:

> After locating the cassette tapes, I attempted to play one in the recorder but could not figure out how the recorder worked, so I stopped in fear of erasing a conversation. Since I was not sure if I had the tape with the recorded conversations, I said we would have to continue.

There is no evidence in the record to contradict this statement, which is further supported by the deposition testimony of defendant Gruber. This Court would note that although plaintiff Jenkins was present throughout the search, he did not offer to assist defendants in operating the tape recorder. In any event, this Court finds that plaintiffs' contention is not pertinent to the issue whether the search exceeded the scope of the warrant. The search warrant was a valid one, authorized by a judge pursuant to a finding of probable cause. By its terms, the warrant authorized the search of several specific locations and the seizure of "all evidence ... which may be evidence of Section 10–402...." The search in question did not exceed these limits.

Plaintiffs rely on *United States v. Highfill*, 334 F.Supp. 700 (E.D.Ark.1971), in support of their contention that the continuation of the search was unreasonable. However, in *Highfill*, the search warrant described with great particularity the one item to be seized. The court there held that items seized subsequent to the seizure of the one item described in the warrant should be suppressed. *Id.* at 702. This Court concludes that the *Highfill* ruling is inapplicable under the facts of this case. The cassette tape here was not described with such specificity that the police officers could have known that the correct tape had been found without actually listening to it. Moreover, the warrant in this case contained an "all evidence" clause. Thus, the scope of the warrant in this case is very different from the warrant in *Highfill*.

Plaintiffs' reliance on *Garris v. Rowland*, 678 F.2d 1264 (5th Cir.1982), is similarly misplaced. In that case, the plaintiff

had been unlawfully arrested pursuant to a warrant issued without probable cause. Here the warrant was a valid one which was amply supported by probable cause. No evidence exists in this case, as it did in *Garris*, that Aberdeen police officers acted pursuant to a custom and policy of their Police Department to make seizures pursuant to invalid warrants.

For all these reasons, this Court finds and concludes as a matter of law that the search warrant in question was a valid one based on probable cause and that defendants Penrow, Smith and Gruber were legally empowered to search the vehicle, residence and locker of plaintiff Winerd Jenkins for evidence of violations of the Maryland Wiretap Law. The record discloses that defendants did not exceed the scope of the search. Thus, plaintiffs have not suffered any injuries resulting from unconstitutional acts of the police officers, and the motion of defendants Penrow, Smith and Gruber for summary judgment will be granted. In view of this ruling, the issue of good faith immunity of the police officers need not even be reached.

Remaining are the common law claims of invasion of privacy, false imprisonment and negligence asserted against defendant police officers. Although these claims were not addressed by the parties in their briefs filed in conjunction with the pending motions, this Court would note that since summary judgment has been granted as to all of the claims asserted by plaintiffs under federal law, the issue presented is whether pendent jurisdiction should be exercised over plaintiffs' state law claims.

■ It is clear that pendent jurisdiction is a doctrine of discretion and not one of plaintiffs' right. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The Supreme Court has expressly cautioned that "needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial ... the

state claims should be dismissed as well." *Id.* A majority of the courts which have considered the question have declined to exercise pendent jurisdiction over state claims when the federal claims have been disposed of prior to a full trial on the merits. *See Hector v. Weglein, supra,* at 204–205 (D.Md.1982) (citations omitted). In *Kavit v. A.L. Stamm & Co.,* 491 F.2d 1176, 1180 (2d Cir.1974), Judge Friendly outlined the relevant factors to be considered in determining the appropriateness of a court's exercise of its discretion to decide pendent state claims and said the following: "If it appears that the federal claims ... could be disposed of on a motion for summary judgment under F.R.Civ.P. 56, the Court should refrain from exercising pendent jurisdiction absent exceptional circumstances."

■ The principles of the *Hector* and *Kavit* cases will be applied here. This Court will decline to exercise pendent jurisdiction over plaintiffs' claims asserted in this case against defendants Penrow, Smith and Gruber under state law. Summary judgment has been granted as to the federal claims, and there are no exceptional circumstances here which would compel the exercise of pendent jurisdiction. If plaintiffs wish to assert claims against defendants under state law, they should file an appropriate suit in a state court.

For all these reasons, it is this 12th day of July, 1983 by the United States District Court for the District of Maryland,

ORDERED:

1. That the motion of defendant Commissioners of Aberdeen for summary judgment be and the same is hereby granted;

2. That the motion of defendants Charles F. Penrow, Jr., Stephen Smith and Harry E. Gruber for summary judgment be and the same is hereby granted; and

3. That judgment be and the same is hereby entered in favor of the defendants, with costs.