## MATHIS v. UNITED STATES.

### No. 11634.

United States Court of Appeals
Sixth Circuit.

Dec. 12, 1952.

698

Richard Haney, Cincinnati, Ohio, for appellant.

Otto T. Ault, Knoxville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

The appeal is from an order of the District Judge overruling a motion for partial vacation of a sentence submitted in pursuance of the provisions of Tit. 28 U.S.C. § 2255. The indictment under which the appellant was convicted contained three counts, the first charging the appellant with transporting distilled spirits the containers of which did not have affixed thereto the stamps evidencing payment of internal revenue on distilled spirits as required by § 2803(a) of the Internal Revenue Code, 26 U.S.C.A. § 2803(a). The second count charged him with possessing distilled spirits at the same time and place as set forth in the first count and the third count charged him with concealing distilled spirits at the same time and place set forth in the first count. The sentences imposed were five years on the first count of the indictment, five years on the second count to commence at the expiration of the sentence on the first count, and three years on the third count, to run concurrently with the sentence imposed on the first count, making in all an aggregate sentence of ten years to be served.

The petition for correction is based upon the principle frequently applied, that where the same transaction constitutes a violation of two distinct statutory provisions, the test to be applied, in determining whether there are two offenses, is whether each requires proof of a fact which the other does not, Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Freeman v. United States, 6 Cir., 146 F.2d 978; Rutkowski v. United States, 6 Cir., 149 F.2d 481; McDonald v. Hudspeth, 10 Cir., 129 F.2d 196. Compare Grabenheaimer v. United States, 6 Cir., 194 F.2d 447.

The appellee contends that the rule does not here apply because there is presented no transcript of the evidence which, if submitted, might show two differing quantities of distilled spirits, one or both of which were transported but only one of which was so within the dominion and control of the appellant as to be by him possessed and the other not under his dominion and control. It is undoubtedly true, as indicated by the District Judge, that a person may be guilty of transporting without being guilty of possessing, as where the possession is in a second person who is being transported by the first, citing Loomis v. United States, 9 Cir., 61 F.2d 653. But the present indictment refers to but one quantity of distilled spirits being transported and the possession count charges possession of but one quantity of distilled spirits at the same time and place as set forth in the first count. It would seem to be clear that the government may not divide a single quantity of spirits to show possession of one and transportation of the other. The cumulation of sentences upon the first two counts of the indictment constituted double punishment for a single offense.

The order of the District Court is set aside and the cause remanded to it with direction to expunge the sentence imposed upon the second count of the indictment.

Reversed.