**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**James THACKER, Defendant-Appellant.**
**No. 17255.**

United States Court of Appeals
Sixth Circuit.
Aug. 25, 1967.

Lowell W. Lundy, Pineville, Ky., for appellant.

G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before EDWARDS and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McCREE, Circuit Judge.

Appellant and his co-defendant were jointly indicted and charged in two counts with the offenses of having in their possession and of transporting 1½ gallons of moonshine whiskey in violation of 26 U.S.C. § 5205(a) (2). The co-defendant pleaded guilty to both counts and was sentenced. He has not appealed. Appellant pleaded not guilty and after his motion to suppress certain evidence (the whiskey which he was charged with possessing and transporting) was overruled, he was convicted by a jury on both counts was sentenced to three years imprisonment.

No claim is made of insufficiency of the evidence or of any error except the overruling of the motion to suppress, and the appeal presents but one question: was there probable cause for the warrantless arrest and the search which resulted in the seizure of the moonshine whiskey?

The facts are neither complicated nor disputed. On July 16, 1965, in Middlesboro, in the Eastern District of Kentucky, Russell R. Bauer, special investigator, United States Treasury Department, Alcohol and Tobacco Tax Division, was informed by telephone at 10:02 p.m. by a person whom he knew personally and whom he had no reason to doubt that appellant "would be coming down 19th Street within a few minutes and he would have whiskey in his car, that he would be driving a station wagon." This was the first such information Bauer had received from the informer, whose identity, although known to the officer, was not requested by appellant at the hearing. Mr. Bauer knew appellant on sight and was acquainted with his station wagon. Bauer had information that appellant was almost always armed. Previously, on specific information from a state trooper, Bauer had searched appellant's car and had taken a concealed weapon from appellant's belt.

The officer initiated surveillance of 19th Street and at about 10:08 p. m. he observed the described vehicle, with appellant driving and with two passengers, pass his position. The officer pulled out from his parking place and followed the station wagon approximately a block when it turned left and then immediately turned right again into an alley. As the car entered the alley, Bauer was almost bumper to bumper behind it and sounded his siren at which time he observed, illuminated by his headlights which were shining into the rear window of the pursued vehicle, appellant make a half turn of his head and move his lips. Coincident with this action, the man sitting in the right rear seat picked up a brown paper sack about head high and brought it down in the back of the car. At about this time both cars halted and appellant stepped out of his car. The officer stepped out of his car, said "Federal Officer" and, after searching appellant's person for a pistol, discovered a .38 caliber pistol in the front seat of the car where appellant was riding. As the officer reached in he could smell a strong

odor of distilled spirits and discovered a heavily saturated brown paper sack containing fragments of a jar. An intact half gallon jar was also found in the car and both defendants were taken to Pineville, Kentucky and the prosecution ensued in due course. When asked for what purpose he turned on his siren Bauer replied that he wanted appellant to stop to permit a search of his vehicle.

The trial judge overruled the motion to suppress, finding probable cause for the search on the authority of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. We affirm.

In *Draper*, a narcotics agent was told by an informer previously found to be reliable that Draper, who was not known to the agent, was peddling narcotics in Denver and would be returning from Chicago by train either on the morning of September 8 or September 9. The informant gave the officer a detailed physical description of Draper and of the clothes he was wearing, that he would be carrying a tan zipper bag and that he habitually "walked real fast". On the morning of September 8, the officer began surveillance of incoming trains from Chicago and on September 9 observed a person answering the exact physical description alight from an incoming Chicago train and begin walking rapidly toward the exit. Draper was arrested and searched and narcotics were found on his person. The Supreme Court, observing that probable cause exists where the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed, found that the facts and circumstances in the case before them afforded probable cause.

In Newcomb v. United States, 327 F.2d 649 (9th Cir. 1964), it was held that even a tip from an unnamed informant, of unknown reliability, corroborated by other information, innocent and lawful when considered without the informant's communication, afforded probable cause for arrest and search.

 In the instant case, the arresting officer had information from an informer whom he knew personally and whom he had no reason to doubt. We reject appellant's contention that this information should not be credited since the informer was unnamed and had never previously given any information to the agent. Agent Bauer was cross-examined when the motion to suppress was heard and the identity of the informant was not requested.[1] Moreover, we hold that the trustworthiness of the informant may be established in ways other than prior reliability as a tipster. Here agent Bauer knew his informant and had no reason to doubt him. The basis for this belief could have been inquired into on cross-examination. It was not, and the basis for Bauer's reliance may therefore not be questioned here.

We observe here that the reliability of the informer is not essential if the corroborating facts are persuasive. Newcomb v. United States (supra). The information here was corroborated by the appearance of appellant only six minutes after receipt of the message. He was at the indicated place and was driving the described vehicle. This corroboration of the informer's statement together with Bauer's prior experience when he took a concealed weapon in a search of appellant's person is substantially greater than just knowledge of a suspect's physical appearance and previous record, although both factors are relevant. Cf. Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

Since we hold that the officer had probable cause to search the vehicle at the time he sounded his siren and in-

---

1. McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) recognizes that an informer's identity need not always be disclosed on demand in a federal criminal trial, especially in a preliminary hearing to determine probable cause for an arrest and search.

tended to make the search, it is unnecessary to determine whether the arrest of appellant was completed at that time and whether the officers' subsequent observations may be considered as establishing probable cause for the search. Cf. United States v. Williams, 314 F.2d 795 (6th Cir. 1963).

Affirmed.