**James W. LOVELL, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary et al., Respondent-Appellee.**

**No. 17484.**

United States Court of Appeals
Sixth Circuit.

Dec. 9, 1967.

---

John F. Dugger, Morristown, Tenn., for appellant.

David W. McMackin, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., Henry C. Foutch, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., on brief, George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, of counsel, for appellee.

Before PHILLIPS, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant appeals from a United States District Judge's denial of a writ of habeas corpus after his conviction on a charge of armed robbery in Tennessee. He was sentenced to 15 years in the penitentiary. His conviction had previously been affirmed by the Tennessee Supreme Court and certiorari had been denied by the United States Supreme Court.

The only issue presented is the claimed illegality of appellant's arrest and hence the illegality of the admission at trial of certain things seized on or about his person when he was arrested.

The motel holdup for which appellant was convicted occurred near Greeneville, Tennessee, on the evening of July 29, 1964. The report to police authorities indicated that three men with pistols had been involved in the holdup and had escaped in a black Ford automobile with an out-of-state license.

Police in the vicinity of Greeneville saw such an automobile. When they pursued it, the Ford turned into a dead end road and they saw three men run from the car into wet underbrush in the night.

These facts, plus the information that two men had been arrested in connection with the crime in Newport, Tennessee, were known to Captain Rollins of the Greeneville Police Department on the morning of July 30, 1964. That morning Captain Rollins was advised that a stranger in Greeneville (a small Tennessee city in a rural county) had bought a change of clothes and had taken his old clothes away in a green paper bag. Still later, Captain Rollins was advised

that a stranger had purchased a bus ticket for Newport.

Rollins, in searching for the person described above, saw appellant sitting on a stool at a soda fountain in a drug store near the bus station with a green paper bag at his feet. Rollins testified: "He had on a new shirt, new pair of pants and fresh polished shoes, clean."

Rollins arrested appellant and searched him, finding a wad of damp and muddy bills in a shirt pocket, and wet and dirty clothes, and a .38 caliber Colt pistol in the green bag. At trial all of these items were introduced in evidence over appellant's objection that they had been seized in violation of the Fourth Amendment. Appellant pointed out that Rollins had no warrant and argued that the information Rollins possessed did not constitute probable cause for arrest.

■ Doubtless the information about the "stranger" which Rollins possessed was not sufficient to establish his guilt of the crime ultimately charged. But probable cause for arrest does not require such a standard of proof.

■ Early in our history the Supreme Court, in discussing probable cause, stated: "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offence has been committed, it is sufficient." Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035 (1878).

Essentially this same definition is found in Henry v. United States:

"Evidence required to establish guilt is not necessary. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327. On the other hand, good faith on the part of the arresting officers is not enough. Probable cause

exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035. And see Director General v. Kastenbaum, 263 U.S. 25, 28, 44 S.Ct. 52, 53, 68 L. Ed. 146; United States v. Di Re, supra, at 592, 68 S.Ct. 227, 92 L.Ed. 210 [332 U.S. 581 (1948)]; Giordenello v. United States, supra, at 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 [357 U.S. 480 (1958)]." Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).[1]

In Beck v. Ohio, the Supreme Court expanded on these definitions slightly:

"Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310–1311, 93 L.Ed. 1879; Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134. 'The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating * * * often opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice.' Brinegar v. United States, supra, 338 U.S. at 176, 69 S.Ct. 1311." Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 226, 13 L.Ed.2d 142 (1964).

* * * * *

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

---

[1] A Tennessee statute, T.C.A. § 40–803 (3), appears to approximate this definition:

"40–803. Grounds for arrest by officer without warrant.—An officer may, without a warrant, arrest a person:

The District Judge who heard this habeas corpus petition noted the following facts which appear uncontroverted:

"At the moment Capt. Rollins arrested the petitioner, Capt. Rollins had reasonably trustworthy information:

"That a felony had been committed;

"That three men had participated in its commission;

"That the three men who participated in the commission of the felony had abandoned the automobile used to escape the scene of the crime and fled into wet underbrush, and that their clothing would therefrom have become wet and muddy;

\*    \*    \*    \*    \*    \*

"That a 'stranger' in a comparatively small community had purchased a change of clothing, had changed clothes, and had carried away in a green paper sack wet and muddy clothing which he had been wearing at the time of the purchase;

"That a 'stranger,' dressed in the manner the purchaser of a change of clothing was dressed, had purchased a bus ticket to Newport, Tennessee; and

"The petitioner was seated in a place of public accommodation located within one block of the bus station when first seen by Capt. Rollins, and a green paper sack containing 'something' was in the constructive possession of the petitioner." (Footnote omitted.)

The District Judge concluded:

"This Court is of the opinion that, under all the foregoing facts and circumstances, Capt. Rollins clearly had reasonably trustworthy information sufficient to warrant any prudent and cautious person's believing that the petitioner had committed this felony. Everything pointed directly to the petitioner as a felon at large following a freshly committed crime. The total might not have been sufficient evidence to convict the petitioner, but there was enough proof to show that the petitioner's guilt was probable. What Capt. Rollins did, from start to finish, in this instance, in the Court's opinion was entirely reasonable."

The most significant facts in this case bearing on probable cause are reliable information of an armed robbery recently committed and subsequent information tending to link this "stranger" in a small Tennessee city with the conduct of the parties in the black Ford with out-of-state license plates in which the robbers escaped.

■    Like the District Judge, we believe that the police captain had ample reliable information to make a prudent man placed in his situation believe that the man he saw sitting on the drug store counter stool, with the green paper bag at his feet, probably was one of the bandits.

We hold that the arrest was lawful and that the search of person and bag were incidental thereto. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L. Ed. 1879 (1949); United States v. Baxter, 361 F.2d 116 (6th Cir., 1966), cert. denied, 385 U.S. 834, 87 S.Ct. 79, 17 L.Ed.2d 69 (1966); United States v. Thacker, 382 F.2d 732 (6th Cir., 1967).

Affirmed.