**UNITED STATES of America ex rel. Edward F. MAHONEY, Appellant,**

v.

**J. E. LaVALLEE, as Warden of Auburn State Prison, Auburn, New York, Appellee.**

**No. 430 Docket 31358.**

United States Court of Appeals Second Circuit.

Argued April 11, 1968.

Decided June 21, 1968.

Joshua N. Koplovitz, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Brenda Soloff, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Michael Colodner, Deputy Asst. Atty. Gen., of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge.

Edward F. Mahoney was convicted in the New York State Courts in 1961 of robbery in the first degree and is currently serving a sentence of from 10 to 12 years' imprisonment. After unsuccessful appeals in the State Courts, he sought a writ of habeas corpus from the United States District Court for the Northern District of New York, which denied his application without a hearing.[1] From that denial he appeals. We affirm.

Mahoney claims that a search of his apartment and the basement of his building, which turned up a .45 automatic pistol used in the robbery, violated his Fourth Amendment rights and that accordingly it was error to have admitted the gun into evidence. The validity of this contention turns on whether the search, conducted without a warrant,

---

1. The opinion of Judge Port is unreported.

was "incidental" to Mahoney's concededly lawful arrest.[2]

The basic circumstances surrounding the arrest and search are not in dispute. Mahoney, a New York City policeman, was indicted on July 20, 1960, after his two codefendants testified before the grand jury concerning his participation in the crime.[3] The following morning, 4 New York City policemen performed the delicate task of arresting their colleague in his Brooklyn apartment. Approximately ten minutes later, as Mahoney was being led out of his apartment by the arresting officers, a second group of officers arrived at the premises and, without a warrant, conducted a search of Mahoney's apartment and of the building's basement. The gun was found along with some papers in a shoe box in the basement.[4]

It has frequently been suggested that a search conducted without a warrant is reasonable under the Fourth Amendment as incidental to a lawful arrest only if it is "absolutely necessary" that the police conduct the search without delay. On this view, it would appear that a search is incidental to a lawful arrest only if it is required to ensure that the arrestee does not have under his immediate control hidden weapons that might be used to harm the arresting officers or effect an escape; or, if it is necessary to prevent the destruction of the instrumentalities or fruits of the crime.[5] But this understanding of the Fourth Amendment's requirements was unequivocally rejected by the Supreme Court in Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), and United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

In *Harris*, supra, a thorough five-hour search of a four-room apartment was found to be incidental to a lawful arrest in the living room of the apartment, although it was apparent on the facts that, since the accused had been taken into custody, there was no danger that he would destroy the fruits or instrumentalities of the crime in the apartment or use a weapon hidden in it. And, in *Rabinowitz*, supra, a search of a one-room office was held incidental to an arrest made there, although here too it was clear that the immediate search of the entire office without a warrant was not necessary to protect the arresting officers or to prevent the destruction of the fruits of the crime. Moreover, the principle is clear that the question of reasonableness under the Fourth Amendment "must find resolution in the facts and circumstances of each case." Id., at 63, 70 S.Ct. at 434.[6] And, we are

---

2. In view of the disposition of this appeal, we assume but do not decide that the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), governs this case. Appellant's state appeals were pending when *Mapp* was decided, but he raised his Fourth Amendment claim there only in motions for reargument.

3. Co-defendant Seymour Tauss, who had testified before the grand jury, also testified at trial. His evidence was that Mahoney pointed out the victim of the robbery, drove Tauss to the scene of the crime, and loaned him his .45 automatic pistol. After the crime, appellant met Tauss, the gun was returned, and the money divided.

4. It is not clear if the area of the basement where the gun was found was part of Mahoney's apartment or whether there was common access by all the tenants in the building. Because of our disposition of the appeal we find it unnecessary to remand for a hearing to resolve this question.

5. We note that in Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), the Supreme Court recently overruled the "mere evidence" rule and held that there is no rational distinction under the Fourth Amendment between items of only evidential value and "instrumentalities" or "fruits" of the crime.

6. The Court specifically rejected the view, urged by Mr. Justice Frankfurter in dissent, that reasonableness under the Fourth Amendment should be interpreted not in light of reasonable police practices, but in terms of what the Framers regarded as unreasonable, namely, warrantless searches (excepting only those justified by absolute necessity).

reassured that the Supreme Court still adheres to its pronouncement in *Rabinowitz*, for it recently stated, "it is no answer to say that the police could have obtained a search warrant, for '[t]he relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.' United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430." Cooper v. State of California, 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967). See also Ker v. State of California, 374 U.S. 23, 41–42, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

Mahoney urges nevertheless that the search was unreasonable because it was not "substantially contemporaneous" in time and place with his concededly lawful arrest. As a broad principle of law, this understanding of the Fourth Amendment's requirement is incontestable. See, e.g., Stoner v. State of California, 376 U.S. 483, 487, 84 S.Ct. 889, 892, 11 L.Ed.2d 856 (1964) (search of hotel room in one state two days before arrest in another state; "search was completely unrelated to the arrest, both as to time and as to place"). But, like other all-embracing dogma, its application must be apposite to a precise factual context; reasoning in the air in disregard of the circumstances of the particular case is an untrustworthy guide to decision. And, an examination of the very cases relied on by Mahoney demonstrates the invalidity of his argument.

In Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), the defendants were arrested for vagrancy as they sat in their parked car in the middle of the night. They were then taken to police headquarters while the police drove the car to a police garage. Some time later, the formalities of the arrest having been long since completed (the defendants had been taken into custody, lodged in the police station, and booked), the police searched the car in the garage and without a warrant. As the Court noted, "[o]nce an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." Id., at 367, 84 S.Ct. at 883. This is obviously in keeping with earlier pronouncements. See Cooper v. State of California, supra; Smith v. United States, 118 U.S.App.D.C. 235, 335 F.2d 270, 273 (1964). And, in our recent decision in United States ex rel. Nickens v. LaVallee, 391 F.2d 123 (2d Cir.1968), the defendant was arrested outside his office, taken to the police station and booked. "An hour or more thereafter" the arresting officer returned to defendant's office and, without a warrant, searched it. We held, on the authority of *Preston*, that the search was not incidental to the arrest because it occurred "at least an hour after the accused was booked."

■■ Thus, in both cases relied on by appellant, the warrantless searches were set in motion after the defendants had been lodged in the police station and booked. The arresting process having come to an end, the searches were wholly independent proceedings and in no way incidental or accessory to the arrests. Here, by contrast, the search was not an afterthought. It was "substantially contemporaneous" with the arrest and incidental to it. See Stoner v. State of California, supra, 376 U.S. at 486, 84 S.Ct. 889. The search commenced a few minutes after the arresting officers first arrived, and long before the defendant was brought to the police station or booked. In the circumstances of this case it is hair-splitting to urge that the search was rendered unreasonable merely because the police traveled in two cars and thus did not arrive on the scene at exactly the same moment. Indeed, we have been cited to no case in which a mere ten-minute delay has been held excessive.[7] Moreover, the police

---

7. In Pennsylvania ex rel. Whiting v. Cavell, 244 F.Supp. 560 (M.D.Pa.1965), aff'd, 358 F.2d 132 (3d Cir.) (per curiam), cert. denied, 384 U.S. 1004, 1009, 86 S.Ct. 1921, 16 L.Ed.2d 1018 (1966), a search took place only thirty minutes after an arrest. It was held not to be incidental to the arrest, but the crucial factor in the

searched only the areas where Mahoney was arrested and its immediate environs —his apartment and the building basement. That the search extended beyond the room in which he had been found when arrested does not render it unreasonable. Harris v. United States, supra; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) (arrest in hotel room, search of adjacent bathroom); United States v. Francolino, 367 F.2d 103 (2d Cir. 1966) (alternate holding; arrest in upstairs bedroom, search of automobile parked in adjacent driveway), cert. denied, 386 U.S. 960, 87 S.Ct. 1020, 18 L.Ed.2d 110 (1967).

Accordingly, we hold the search was incidental to Mahoney's lawful arrest. The denial of the writ is affirmed.

court's reasoning was not the period of delay. Instead, the holding was grounded on the fact that the search took place ten miles from the place of arrest; it simply took the arresting officer thirty minutes to travel this distance. A one-minute delay between arrest and search, *ceteris paribus*, would not have changed the result.