**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leon Edward JOHNSON, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Clifford HOLT, Defendant-Appellant.**

**Nos. 18406, 18407.**

United States Court of Appeals Sixth Circuit.

Nov. 26, 1968.

---

Elmer A. Giuliani, Cleveland, Ohio, for appellants.

Bernard J. Stuplinski, U. S. Atty., Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, for appellee.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellants were charged jointly with entering the Cleveland Trust Company Bank in Cleveland, Ohio, on December 6, 1966, with the intention of committing a felony in violation of 18 U.S.C. § 2113(a) (1964). Appellant Johnson was also charged with armed robbery of another Cleveland bank, the Third Federal Savings and Loan Association, on October 22, 1966, in violation of 18 U.S.C. § 2113(d) (1964). After a jury trial before the United States District Court for the Northern District of Ohio, Eastern Division, appellants were found guilty as charged. Appellant Holt was sentenced to 8 years, and appellant Johnson was sentenced for the two offenses to 22 years.

Both appellants claim reversible error as to the joint conviction because prejudicial materials were allegedly introduced at the trial which were claimed to be the product of a search which violated their rights under the Fourth Amendment.

The evidence indicated that both appellants were seen on or about the premises of the Cleveland Trust Company on December 6, 1966, by a number of witnesses. Bank employees saw them loitering outside the bank, apparently observing it. Appellants then entered, with one taking a position in a line before a teller's window and the other sitting by the door. After a time Johnson (by the door) was heard to say to Holt (in line), "Come on, let's get out of here." A bank employee followed them out and took down the license number of the car in which they left. He reported this to the police.

Still another witness saw appellants drive into a parking lot near the bank in one car and leave in another. This witness was an automobile mechanic and he noticed that on the car left behind the oil low pressure gauge light was lit, although the engine was turned off. He testified that he concluded the car was stolen and he thereupon called the police and gave a description of both men and both cars. A police check on this car revealed that the car left behind was "hot wired." The police then broadcast alerts for two men (with descriptions) driving a maroon Cadillac convertible with out-of-state license plates.

Two policemen who had heard a police broadcast spotted and pursued a maroon Cadillac with a Pennsylvania license. They caught up with the car at the end of a dead-end street, arrested the two occupants, and searched the car.

■ We believe that at this point the police officers concerned had not only the right but the duty to make the arrest under the facts then known to them. While the facts recited did not constitute proofs of guilt beyond a reasonable doubt, they did represent probable cause for a reasonable man to believe that appellants had committed a felony. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Lovell v. Henderson, 386 F.2d 257 (6th Cir. 1967).

■ The search of the car and the immediate area produced two guns, two paper bags, and a hand-printed note saying: "This is a stick up, all your big bills." This evidence was properly admitted at trial because it was seized incident to a lawful arrest. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409 (1925); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790 (1924).

The second issue in this appeal is appellant Johnson's claim that admission of the identification of him at trial by one of the bank employees in the Third Federal Savings and Loan Association armed robbery was prejudicial error. Appellant asserts that a previous opportunity for this witness to identify him at an improperly staged police line-up infected the witness' trial identification under the logic of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967). Appellant's counsel concedes that *Wade* is not directly applicable since appellant's trial was before the date on which *Wade* was decided and the United States Supreme Court in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), held that *Wade* was not applicable retroactively.

Appellant claims, however, that "the totality of the circumstances" (Stovall v. Denno, supra at 302, 87 S.Ct. 1967) in this pre-*Wade* line-up case constituted a violation of his due process rights. In addition to lack of counsel at the line-up, he points to a delay of six weeks before the line-up was held, the fact that the bank employees had told the police one of the robbers was a very tall Negro man, that appellant was a very tall Negro man and that he was placed in a line-up with one white man and four Negro men shorter than he.

■ No evidence pertaining to this line-up was offered by the prosecution before the jury. The District Judge, however, took full testimony about the line-up in the absence of the jury and considered it against the standards set forth in the *Wade* and *Stovall* cases, supra. He overruled the objection to in-court identification, holding that there was no constitutional violation. The record before us does not indicate whether he did so because he was convinced that there was no fundamental unfairness in the total circumstances of the line-up, or whether it was because the in-court identification had a source independent of the line-up. See United States v. Wade, supra at 242, 87 S.Ct. 1926. Clearly, however, the District Judge considered both questions and our review of this record convinces us that there is ample evidence to support his ruling on either ground. Among other facts which lead us to this conclusion is

the fact that there is testimony that there were two other Negro men in the disputed line-up who were approximately six feet tall and the fact that the eyewitness whose in-court identification was objected to was the cashier who was robbed by the "very tall" Negro man, and he testified in detail to his observations during the hold-up.

Further, on this record, which contains positive identification of appellant by three other eyewitnesses of this bank robbery and fingerprints linking him to the two cars used in the bank robbery, we feel that we could appropriately hold any error in admission of the disputed testimony to be nonprejudicial error "beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Affirmed.