**UNITED STATES of America,**
**Plaintiff,**

v.

**Jay V. BALL, Harry Jay Dorsey, Edgar Jenkins, John Cecil McMahan, Boyd Ridings, Sr., D. L. Webb, David LeRoy Webb and Helen Louise Williamson Webb, Defendants.**

**Crim. A. No. 7045.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 16, 1969.

Supplemental Memorandum June 18, 1969.

See also, 6 Cir., 428 F.2d 26.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., W. Thomas Dillard, Robert E. Simpson, and Edward E. Wilson, Asst. U. S. Attys., Knoxville, Tenn., for plaintiff.

Dale Quillen, Nashville, Tenn., for defendant Ball.

John F. Dugger, Morristown, Tenn., for defendants Dorsey, Jenkins, McMahan and Webb.

Ben W. Hooper, Newport, Tenn., for defendant Ridings.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ The defendants seek a dismissal of count one of the indictment herein on the ground that they cannot be held guilty of conspiring to violate 26 U.S.C. §§ 5179, 5601(a) (1), 7206(4), 5173 or 5601(a) (4), now that each is claiming infringement of his privilege against self-incrimination would have followed his compliance with those statutes. See United States v. Robert Barnett, et al., criminal action no. 7035; United States v. Henry Hardy Buckner, et al., criminal action no. 7030; United States v. David Bruce Baxter, et al., criminal action no. 7071; and United States v. Walter R. Grooms, et al., criminal action no. 7073, all this district and division.

■ The motions have no merit and hereby are DENIED. A conspiracy to commit an offense and the commission of the substantive offense are separate and distinct offenses. Callanan v. United States (1961), 364 U.S. 587, 593, 81 S.Ct. 321, 5 L.Ed.2d 312, 317 [3]. A conspiracy agreement is punishable even if the statute agreed to be violated may be subject to the self-incrimination privilege. Cf. United States v. Gargano, C.A. 6th (1964), 338 F.2d 893, 896 [2, 3], certiorari denied (1965), 380 U.S. 962, 85 S.Ct. 1106, 14 L.Ed.2d 153, where the Court held that a conspiracy agreement is punishable, even though the contemplated crime is not consummated.

■ The motion of the defendant Mr. Ridings to strike overt act no. 10 from count one, on the ground that it does not charge him with an illegal act likewise has no merit and hereby is DENIED. It is not necessary that an overt act supporting a conspiracy be criminal in character. Yates v. United States (1957), 354 U.S. 298, 334, 77 S. Ct. 1064, 1 L.Ed.2d 1356, 1384 [39].

■ The defendant Mr. McMahan has moved for a suppression of evidence of the fruits of the execution of a search warrant for his premises on the ground that there was not probable cause for

believing the existence of the grounds on which the warrant was issued. Rule 41(e) (4), Federal Rules of Criminal Procedure. " * * * Probable cause for the issuance of a search warrant exists where the circumstances before the officer are such as to cause a man of reasonable prudence to believe that an offense has been committed. The Commissioner must exercise his own judgment as to whether the facts in the affidavit constitute probable cause * * *." United States v. Gosser, C.A.6th (1964), 339 F.2d 102, 111 [9], [10], certiorari denied (1965); 382 U.S. 819, 86 S.Ct. 44, 15 L.Ed.2d 66, rehearing denied (1965), 382 U.S. 922, 86 S.Ct. 285, 15 L.Ed.2d 237.

The aforementioned search warrant is a part of the court file of this action, but the affidavit of the special investigator of the alcohol, tobacco and firearms division of the Internal Revenue Service, Treasury Department, on which it states it was predicated, does not appear therein. Such paper should have been filed by the commissioner with the clerk. Rule 41(f), Federal Rules of Criminal Procedure.

The Court reserves a decision of this motion and other outstanding motions until the trial.

## SUPPLEMENTAL MEMORANDUM

The Court on June 16, 1969 DENIED the motion of the defendant John Cecil McMahan for a suppression of certain evidence produced as a result of a search of this defendant's residential premises in Cocke County, Tennessee under authority of a search warrant. See memorandum opinion and order herein of June 16, 1969. On that date the prosecuting attorney filed with the clerk a reproduced copy of the affidavit of Mr. Charles G. Riddle, a special investigator of the alcohol, tobacco and firearm division of the Internal Revenue Service, Treasury Department, the authenticity of which is undisputed, on the basis of which a United States commissioner issued the warrant authorizing the search in question.

Therein, Mr. Riddle made oath that within the ten-day period prior to August 14, 1968, he had received information from two separate persons that the defendant Mr. McMahan was storing tax-unpaid whiskey and distilling supplies at his residence. Mr. Riddle stated that these informants had given him " * * * reliable information many times in the past * * * ". Mr. Riddle stated further in his affidavit that Mr. McMahan has a reputation for violating the federal internal revenue laws relating to whiskey, and that he (Mr. Riddle) knows from his experience of nine years devoted to investigating internal revenue violations in Cocke County, Tennessee that one-gallon plastic jugs, pressure tanks and connections, and 5-gallon cans are materials used in tax-unpaid whiskey business. On August 14, 1968, according to the affidavit Mr. Riddle presented to the commissioner, in a surveillance from nearby of the McMahan premises, Mr. Riddle personally observed Mr. McMahan transporting a pressure tank and connections to his residence and store them in a shed near such residence; that he observed the unloading into such residence of one-gallon plastic jugs and 5-gallon fuel cans; and that he heard conversations emanating from such residence concerning [still] pots.

■■ The "laminated total" of these statements in the affidavit of Mr. Riddle provided probable cause for the commissioner to believe that grounds for issuance of the warrant to search the McMahan premises existed. Rule 41(c), Federal Rules of Criminal Procedure. " * * * [P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. * * * " Smith v. United States, (1966), 123 U.S.App. D.C. 202, 358 F.2d 833, 837 (under [4]), certiorari denied (1967), 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448, quoted from in United States v. Barnett, C.A. 6th (1969), 407 F.2d 1114, 1118 [1]. This Court will not review the finding of a commissioner on the issue of probable

cause except in extraordinary circumstances. United States of America v. Jules Littwin, criminal action no. 6651, this district and division. No such extraordinary circumstances are evident here.