■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID GONZALEZ, Defendant-Appellant.— Judgment entered in the Supreme Court, Bronx County, on October 1, 1963, convicting defendant of possession of a narcotic drug with intent to sell (Penal Law, § 1751, subd. 2), reversed on the law, the motion to suppress granted, and a new trial directed. The search of the storeroom, an area separate from and having no direct access to the restaurant in which the defendant was arrested, was unreasonable and constitutionally unjustified and the challenged evidence must be suppressed. (*Harris* v *United States*, 331 U. S. 145; *United States* v. *Rabinowitz*, 339 U. S. 56.) The strictly limited right of search or seizure incident to a lawful arrest, the narrow "elbow room" available to the States "in their methods of criminal law enforcement," is today further restricted to search of the arrestee's person and the area within his immediate control. (*Chimel* v. *California*, 395 U. S. 752, June 23, 1969). Concur — Capozzoli, J. P., Tilzer, Markewich and Nunez, JJ.; McGivern, J., dissents in the following memorandum: The defendant, already previously convicted three times for narcotics offenses, this time was once more

validly arrested for the sale of narcotics. Incidental to his arrest the premises were searched, including an adjunct, to which the defendant alone, at the time, had the keys. And therein was found heroin, the presence of which he knew. A motion to suppress was, in my view, properly denied on July 18, 1963. In the first place, *Chimel* v. *California,* cited by the majority, is not retroactive. Indeed, it is "fully prospective." *United States* v. *Wild* (——— F. 2d ———). And since defendant had the premises under his control, I find no difficulty in reconciling the instant search with *Harris* v. *United States,* also cited by the majority, there being present a valid arrest. Other appellate courts have recently adopted this common sense analysis. See *Scott* v. *State* (256 A. 2d 384 [Md.]) wherein the admission of narcotics found in part of a house other than where defendant was arrested, was held not to be error; and particularly, *United States ex rel Mahoney* v. *La Vallee* (396 F. 2d 887, cert. den. 395 U. S. 985) where petitioner was arrested in his apartment, but the accompanying search uncovered a gun in the building basement. And it is appropriate to note that certiorari was denied in the latter case on June 23, 1969, the same day *Chimel* was decided.