**Robert BANKS, Plaintiff–Appellant,**

v.

**KENTUCKY STATE POLICE; Curtis O'Bannon, Officer; Earl Whitaker, Officer; Richie Baxter, Officer, Defendants–Appellees.**

No. 02–5636.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

———

*ORDER*

Robert Banks, a pro se Kentucky litigant, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Banks sued the Kentucky State Police (KSP), and state police troopers Curtis O'Bannon, Earl Whitaker, and Richie Baxter. Banks claimed that he was arrested at his home in violation of his Fourth Amendment rights.

The district court dismissed the claims against the KSP and the damage claims against KSP troopers O'Bannon, Whitaker, and Baxter in their official capacities. The action continued against O'Bannon, Whitaker, and Baxter, in their individual capacities. Thereafter, the defendants renewed their motion for summary judgment, and Banks filed a competing motion for summary judgment. The district court granted the defendants' motion for summary judgment and denied Banks's motion. Banks appeals.

On appeal, Banks appears to reassert the claims that he asserted in the district court.

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

We review a judgment granting summary judgment de novo. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465 (6th Cir. 2002).

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe*, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252.

To the extent that Banks reasserts claims against the Kentucky State Police and the named state police troopers in their official capacities, his claims for monetary damages are barred. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Defendants O'Bannon and Whitaker met their burden of showing an absence of evidence to support Banks's case against them in their individual capacities by averring that neither of them arrested Banks. Absent a showing that O'Bannon and Whitaker are somehow personally at fault

by actively participating in, encouraging or directing the commission of illegal acts by subordinates, there can be no recovery against them. *Coffy v. Multi–County Narcotics Bureau*, 600 F.2d 570, 580 (6th Cir.1979). In light of the foregoing evidence, Banks was required, yet failed to submit significant probative evidence to overcome the motion for summary judgment.

Similarly, defendant Baxter met his burden of showing an absence of evidence to support Banks's cause by showing that he had ample probable cause to arrest Banks. Under the probable cause standard, this court has consistently upheld arrests that were predicated upon witness identifications. *See, e.g., Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir.1999) ("An eyewitness identification will constitute sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation.") (internal quotations and citation omitted); *United States v. Johnson*, 403 F.2d 1002, 1004 (6th Cir.1968) (holding that a warrantless arrest predicated upon victim identifications was valid). *See also Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir.1998) (holding that officer had probable cause to arrest suspect when crime victim identified individual as the perpetrator).

Trooper Baxter responded to a domestic disturbance call. He saw Banks's girlfriend (Ms. Hensley) and son leaving the house in tears; and twice saw Banks yelling at Ms. Hensley. Ms. Hensley told Trooper Baxter that it was her family's home, that she paid the rent, and that Banks would not leave when she asked him to do so. Trooper Baxter also heard Banks admit that he would not let Ms.

Hensley leave and that he would not leave. Based on Ms. Hensley's statement and Banks's admission, Trooper Baxter had ample probable cause to arrest Banks for criminal trespass. Banks was arrested for committing criminal trespass only after he continued to scream at Ms. Hensley and failed to leave when an officer told him to leave. In light of the foregoing evidence, Banks was required, yet failed to submit significant probative evidence to overcome the motion for summary judgment.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion and order of April 24, 2002.